WILLIAM GILL, complainant,

*v.*

THE STATE GARAGE, INCORPORATED, et al., defendants.

[Decided June 26th, 1929.]

*Mr. John V. Laddey* and *Mr. Israel B. Greene,* for the complainant.

*Mr. William K. Flanagan,* for the defendants.

BACKES, V. C.

It is necessary to deal only with exceptions taken to a single subject of the master's report—the sum to be charged against the directors-trustees. A decree will be entered in favor of the receiver for the amount hereafter found due and the receiver will make distribution in the regular course of administration. Mr. Krueger, one of the directors, claims to be, and he apparently is a creditor of the company in a large sum. He will be given an opportunity to present his claim under oath to the receiver upon an order to limit creditors. It will then be adjudged according to the common practice.

Mr. Krueger, it would appear, had been for a long while the sole stockholder of the company and alone, and at a loss,

managed its only property, a garage. He defrayed the current losses. He sold the garage in 1923, at a loss, and the company went out of business. All the debts except the complainant's were paid and Krueger took what was left to reimburse himself as far as it went. All creditors were entitled to participate equally in the distribution and the directors are accountable. *Gill* v. *State Garage, Inc., 5 N. J. Mis. R. 759.* As Krueger was both trustee-debtor and personal creditor it was thought that a computation could possibly be made of the sum ultimately to be paid by the directors to the complainant and a reference was made to that end to a master. Mr. Krueger has not seen fit or was unable to establish with any degree of certainty his standing as a creditor, and that course is now abandoned and he must pursue his remedy in the manner indicated. That course is left open to him only because the one taken for expediency sake will not permit a decree barring him. If he hopes to succeed before the receiver he cannot rely on isolated accounts paid by him for the company. He must account for all of his dealings with the company and the balance struck will be the sum of his participation in the distribution.

The master reported that the director-trustee had in hand from the sale of the garage ................. $78,174.93
There is a discrepancy due to the omission of two
    items of $11,000, mortgage, and $3,504.16, interest.

The master should file a corrected report.

The amount is correct, though the defendants
    submit that it should be larger, $79,281.29.

As to disbursements the following are satisfactorily established:

To building and loan association, for arrears,
    &c. .......................... $6,747.00
Second and third mortgages ........ 39,000.00
Judgment of Republic Fireproofing
    Company ....................... 5,526.41
Redemption from tax sale for 1921.. 5,375.50

Judgment of Philip Lowy ......... 1,443.75
Judgment of Fidelity Union Trust
   Company ..................... 160.00

    Making a total of ...........     $58,252.66

A decree will go to the receiver for ....... $19,922.27

The master refused the first item for building and loan arrears. It was paid in a lump sum about the time of the sale, as shown by the building and loan company records. Krueger paid it. Compensation is to be found in the purchase price charged to the directors.

The master disallowed the item for taxes. They were paid about the time of settlement. The tax receipt shows it. The payment was made by Krueger.

The sums of the other three items are arrived at by adding interest and costs to principal of the judgments.

The exceptions to the amount reported to be due the complainant of $2,867.22 is overruled. That is the correct sum. The judgment includes allowances for medical service and attorney's fees in addition to the weekly allowance.

Exceptions are overruled or sustained accordingly.

Execution on the decree will be stayed on notice and giving security to pay complainant's debt or as much as may be eventually apportioned to him out of the assets.